1

2

3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

4   Teddy LeRoy WILSON, Jr.,

5                                        Plaintiff,

6   v.

7

8   Amanda EDMONSON, et al.,

9                                       Defendants.

Case No.  23-cv-0605-AGS-MSB

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2), DENYING MOTIONS TO AMEND AS MOOT (ECF 4 & 5), AND DISMISSING THE COMPLAINT IN ITS ENTIRETY**

10

11       Teddy LeRoy Wilson, Jr., an inmate suing defendants for civil-rights violations

12   under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that

13   motion is denied, his motions for leave to amend are denied as moot, and the complaint is

14   dismissed without prejudice.

15   **DISCUSSION**

16       Typically, parties instituting a civil action in a United States district court must pay

17   filing fees of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma

18   pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177

19   (9th Cir. 1999). Prisoners like Wilson, however, "face an additional hurdle." *Moore v.*

20   *Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the

21   congressional goal of reducing frivolous prisoner litigation in federal court," prisoners

22   cannot proceed IFP once they "have, while incarcerated, on 3 or more prior occasions had

23   claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney*

24

25   ───────────────

26

27       [1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

28

*v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action under this [IFP] section . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

Wilson, while incarcerated, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, rendering him ineligible to proceed IFP. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Those three strikes are: (1) *Wilson v. Andrews, et al.*, No. 2:10-cv-02664-UA-RZ, slip op. at 1 (C.D. Cal. Apr. 26, 2010) (dismissing case as frivolous and for failing to state a claim); (2) *Wilson v. CDCR,* No.

2

3:23-cv-00344-MMA-BLM, slip op. at 2–3 (S.D. Cal. Apr. 11, 2023) (dismissing case as frivolous); and (3) *Wilson v. Cardenas, et al.*, No. 3:23-cv-00278-JLS-LR, slip op. at 3–7 (S.D. Cal. May 24, 2023) (dismissing case for failing to state a claim).

Nor does Wilson meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Wilson alleges he has been subjected to malicious prosecution for which he seeks to hold liable the judges of the San Diego County Superior Court, his public defender, and the San Diego district attorney. (ECF 1-2, at 1.) Nothing in his complaint satisfies the imminent-danger exception.

## CONCLUSION

Thus, Wilson's motion to proceed in forma pauperis (ECF 2) is **DENIED** as barred by 28 U.S.C. § 1915(g). Wilson's motions for leave to amend (ECF 4 & 5) are **DENIED AS MOOT**. And the action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a). The Clerk of Court is directed to close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Dated:  July 13, 2023

_____
Andrew G. Schopler
United States District Judge